UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JOHNNY G. McINTYRE | CIVIL ACTION NO. 97-cv-0241 |
| VERSUS | JUDGE WALTER |
| WARDEN, WADE CORRECTIONAL CENTER | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Johnny McIntyre ("Petitioner") was convicted of aggravated rape, and his conviction became final in 1980. He pursued state post-conviction relief and then a federal habeas corpus petition. This court denied the petition in 1998, and the Fifth Circuit denied a certificate of appeal in 1999. Doc. 36. The Supreme Court also denied a petition for writ of certiorari. Doc. 37.

Petitioner now presents, 17 years later, a Motion for Relief From Judgment Pursuant to Rule 60(b) (Doc. 38). He argues that a recent change in the law regarding procedural bars entitles him to relief. For the reasons that follow, it is recommended that his motion be denied.

**Procedural History**

Petitioner kidnapped his in-laws, Henry and Lucy Poulsen, and forced them, with the help of a sawed-off shotgun, to drive him from Shreveport to Minden, where he held them and questioned them concerning the whereabouts of their daughter. Petitioner then tied up

Mr. Poulsen and raped Mrs. Poulsen. The couple later managed to escape. A Webster Parish jury convicted Petitioner of aggravated rape. The conviction was affirmed on direct appeal. State v. McIntyre, 381 So.2d 408 (La. 1980), cert. denied, 101 S.Ct. 209 (1980).

Petitioner filed at least six applications to the state court for post-conviction relief. He eventually filed the federal petition for habeas corpus relief that commenced this action. It presented two claims:

> (1) Petitioner was denied effective assistance of counsel by defense counsel, Wellborn Jack's, (a) failure to properly investigate and develop the defense of insanity, and (b) making of "tactical trial blunders" which undermined the insanity defense.
>
> (2) Petitioner was denied his due process right to a fair and impartial trial because the trial court denied his challenges for cause of three prospective jurors.

Magistrate Judge Payne issued a Report and Recommendation that found Petitioner had procedurally defaulted his ineffective assistance claim by not properly and timely filing it in the state courts. Petitioner argued that any default should be excused, for various reasons, but the court found that his arguments did not establish cause and prejudice. Accordingly, it was recommended that the federal court apply the procedural bar and not review the ineffective assistance claim on the merits. Magistrate Judge Payne recommended that the other claim, related to challenges for cause, be denied on the merits because the state court's resolution of it was reasonable. Judge Stagg adopted those recommendations and entered final judgment.

**Analysis**

Petitioner filed his Rule 60(b) motion based on the change in the law occasioned by Martinez v. Ryan, 132 S.Ct. 1309 (2012). The Court held in Martinez that where state law requires claims of ineffective assistance of trial counsel be raised in an initial post-conviction application, a procedural default will not bar federal habeas relief on an ineffective assistance of trial counsel claim if in the initial post-conviction proceeding there was no counsel or counsel in that proceeding was ineffective. The Fifth Circuit has held that Martinez applies to the Louisiana post-conviction process. Coleman v. Goodwin, __ F.3d __, 2016 WL 4363330 (5th Cir. 2016). Petitioner suggests that he was not appointed counsel in his post-conviction proceedings in the 1980s and 1990s, so he can now show cause to overcome his procedural default of his ineffective assistance claim.

The first issue is whether Petitioner's Rule 60(b) motion is actually a second or successive petition that requires permission from the Court of Appeals to proceed, or whether it is a true Rule 60(b) motion that may be decided by the district court. The Supreme Court has stated that the district court may consider a Rule 60(b) motion when the prisoner merely asserts that a previous ruling that precluded a merits determination, such as invocation of a procedural default or a statute of limitations bar, was in error. Gonzalez v. Crosby, 125 S.Ct. 2641 (2005); In re Coleman, 768 F.3d 367 (5th Cir. 2014). Petitioner's motion is, therefore, properly before this court.

Turning to the merits of the motion, Federal Rule of Civil Procedure 60(b) lists six grounds for relief.[1] Petitioner does not specify which he relies on. None of the first five grounds appear to apply. The sixth reason—"any other reason that justifies relief"—is the one typically invoked by habeas petitioners who file similar motions. Rule 60(b)(6) does not allow the court to relieve a party from a final judgment merely because new or even more persuasive arguments are raised. The finality of judgments must be respected, so a movant seeking relief under Rule 60(b)(6) must show "extraordinary circumstances" that justify reopening a final judgment. Gonzalez, 125 S.Ct. at 2649. "Such circumstances will rarely occur in the habeas context." Id.

Gonzalez held, for example, that extraordinary circumstances were not present when a habeas petitioner pointed to a recent Supreme Court decision that changed the law on limitations tolling in the circuit that had dismissed the petition as untimely. Gonzalez

---

[1] "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief."

concluded that such changes in the law, even if they would have changed the result, were "hardly extraordinary" so did not warrant relief. Id. 125 S.Ct. at 2650.

The Fifth Circuit has held that a change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment under Rule 60(b)(6). Adams v. Thaler, 679 F.3d 312, 319 (5th Cir. 2012), citing Bailey v. Ryan Stevedoring Co., 894 F.2d 157, 160 (5th Cir.1990). And it has specifically held that the Martinez decision invoked by Petitioner "does not constitute an 'extraordinary circumstance' under Supreme Court and our precedent to warrant Rule 60(b)(6) relief." Adams, 679 F.3d at 320.

Petitioner does little more than point to Martinez and the Fifth Circuit's Coleman decision that held Martinez applies in Louisiana. He does not articulate any facts that show his underlying claim is particularly substantial or that would otherwise merit a finding of exceptional circumstances. Petitioner has not met his burden of showing entitlement to relief under Rule 60(b). To the extent Petitioner presents any new substantive claims in his submissions, this court does not have jurisdiction to consider them because Petitioner did not obtain prior authorization from the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A). Adams, 679 F.3d at 321.

Accordingly,

**IT IS RECOMMENDED** that the **Motion for Relief From Judgment Pursuant to Rule 60(b) (Doc. 38)** be **denied**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within fourteen (14) days

from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

      THUS DONE AND SIGNED in Shreveport, Louisiana, this 22nd day of September, 2016.

                                        Mark L. Hornsby
                                        U.S. Magistrate Judge